1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAIME ESPINOZA,

11              Petitioner,                    No. CIV S-07-2730 MCE EFB P

12        vs.

13   ARNOLD SCHWARZENEGGER, et al.

14              Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a former state prisoner proceeding without counsel on a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents move to dismiss this action as

18   untimely.  For the reasons explained below, the court finds that the motion must be denied.

19   **I.     Procedural History**

20        Petitioner was convicted of second-degree murder in the Los Angeles County Superior

21   Court in 1984 and was sentenced to 15 years to life in state prison.  Pet. at 1.  The Board of

22   Parole Hearings found him suitable for parole on February 26, 2004; the decision having become

23   final on June 24, 2004.  Pet., Ex. A.  However, Governor Arnold Schwarzenegger reversed that

24   grant of parole on June 30, 2004.  The petitioner was notified of the Governor's decision in a

25   letter dated July 19, 2004.  Pet., Ex. B.

26   ////

Petitioner filed a habeas petition challenging the governor's decision in the Los Angeles County Superior Court on September 30, 2004. Resp.'s Mot. to Dism. ("Mot."), Ex. 1. The petition was denied on April 12, 2005. Mot., Ex. 2. Petitioner filed another petition in the California Court of Appeal, Second Appellate District, on September 22, 2005. Mot., Ex. 3. It was denied on October 27, 2005; the court did not indicate in its denial that the petition was not timely filed. Mot., Ex. 4. Petitioner then filed a petition in the California Supreme Court on July 28, 2006; he was without counsel at the time, and the petition is dated June 30, 2006. Mot., Ex. 5. The California Supreme Court denied the petition on August 8, 2007, again, without indicating that the petition was not timely filed. Mot., Ex. 6. Finally, petitioner filed the instant petition on December 18, 2007; he was without counsel at the time, and the petition is dated October 8, 2007. Dckt. No. 1.

## II.   Statute of Limitations

A one-year statute of limitations applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). In habeas actions challenging parole decisions, the limitations period begins to run when the petitioner could have discovered the factual predicate of the claim through the exercise of due diligence. *See* 28 § USC 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003).

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). California, however, has no clear rule governing the time for filing post-conviction petitions. Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is considered timely if filed within a 'reasonable time.'" *Saffold*, 536 U.S. at

221.  The United States Supreme Court has held that, in the absence of on-point California authority, an unexplained delay of six months or more is unreasonable and renders a habeas petition untimely.  *Evans v. Chavis*, 546 U.S. 189, 201 (2006) (hereafter "*Chavis*").  But more recently, a California appellate court found that as a matter of California law, an unrepresented prisoner's unexplained 10-month delay in filing a habeas petition in the appellate court challenging the denial of his parole after the Superior Court's denial of a similar petition was not unreasonable.  *In re Burdan*, 169 Cal.App.4th 18, 31 (Cal. Ct. App. 2008).  The *Burdan* court noted that habeas statutes of limitation are designed to vindicate society's interest in the finality of its criminal judgments and the public's interest in the orderly and reasonably prompt implementation of its laws, to ensure that evidence is not lost, and to allow victims, families and friends to achieve psychological closure before too long after a conviction is obtained.  *Id.* at 30-31.  But the court found that these considerations do not apply where a prisoner challenges a parole suitability determination because "the only one potentially prejudiced by a delay in challenging a parole decision is the inmate himself."[1]  *Id.* at 31.  Thus, under *Burdan*, an on-point California Court of Appeal precedent, an unrepresented prisoner challenging a parole decision is entitled to up to ten months of unexplained delay between the denial of one state petition and the filing of the next.

////

---

[1]  The result for the federal courts reviewing habeas petitions challenging California parole denials is problematic.  It suggests that the timeliness question hinges more on reasons connected to the type of issue presented (in *Burdan* parole suitability) than on the petitioner's individual situation and diligence.  When a federal court must review a type of case/issue that a California Court has not reviewed for timeliness (i.e., parole revocation), the federal court appears to be called upon to determine whether a California court, applying *Burdan*, would find some policy reasons justifying deeming a longer period reasonable.  But more troubling is the seeming unfairness of allowing some petitioners more time than others based on policy reasons and not based on their own diligence.  Under such a system an exceptionally diligent, but poorly-equipped petitioner in a case challenging his conviction may be thrown out on timeliness grounds but with the same time intervals/delays in exhausting the state process a non-diligent petitioner in a parole suitability case may be allowed to proceed.  Nonetheless, this court's task is, indeed, to determine what the California courts would do.

3

1    **III.    Analysis**

2            The limitations period for habeas petitions challenging parole suitability hearings begins

3 on the date that the factual predicate of the claim could have been discovered through the

4 exercise of due diligence.  *See Redd*, 343 F.3d 1077.  In this case, the limitations period was

5 triggered on July 19, 2004, the date that the governor's office wrote to petitioner to inform him

6 of the reversal of the board's parole suitability determination.  *See Styre v. Adams*, 653 F.

7 Supp.2d 1166, 1168 (E.D. Cal. 2009) (at the earliest, statute of limitations began to run when

8 Governor's office took steps to inform the inmate of the reversal of parole board's suitability

9 determination).  The letter states that it was sent via facsimile as well as U.S. mail, and there is

10 no evidence in the record to suggest that petitioner actually received the letter at a later date.

11 Petitioner therefore had until July 20, 2005 to file the instant petition, but he did not file it until

12 October 8, 2007.[2]  Absent tolling, the petition is untimely.

13            However, petitioner is entitled to statutory tolling for the time that his petitions were

14 pending in state court.  Respondents argue that petitioner's second and third petitions were not

15 timely filed, as there was a five-month gap between the first and second petitions and a eight-

16 month gap between the second and third petitions.  *See* Mot. at 2.  Therefore, respondents

17 contend, petitioner is not entitled to statutory tolling for these intervals.  Under *Chavis* it would

18 appear that respondents are correct.  But the Supreme Court noted in *Chavis* that it is ultimately a

19 question of state law and the federal district court's task is to "determine what the state courts

20 would have held in respect to timeliness."  546 U.S. at 201.  Since *Chavis*, a California appellate

21 court has held that an unrepresented petitioner challenging a parole decision is entitled to up to

22 ten months of unexplained delay between petitions as a matter of California law.  *See Burdan*,

23 ////

---

24

25        [2]  Respondents states that this petition was filed on December 18, 2007, but the court gives petitioner the benefit of the mailbox rule.  *See Houston v. Lack*, 487 U.S. 266 (1988)

26 (federal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court).

1    169 Cal.App.4th at 31.[3]

2          Several district courts have discussed the effect of *Chavis* in light of *Burdan*.  *See*

3    *Marshall v. Salazar*, No. CV 09-6568, 2009 U.S. Dist. LEXIS 118789, at *18-23 (C.D. Cal.

4    Nov. 12, 2009) (discussing *Burdan* in case where prisoner was represented by counsel); *Stotts v.*

5    *Sisto*, No. S-08-1178, 2009 U.S. Dist. LEXIS 74060, at *13 (E.D. Cal. Aug. 20, 2009); *Taylor v.*

6    *Knowles*, No. S-07-2253, 2009 U.S. Dist. LEXIS 20110, at *12-14, n.6 (E.D. Cal. Mar. 13,

7    2009).  In *Taylor*, although not a parole case, this court, citing *Chavis*, noted that even if an

8    unjustified six-month delay was reasonable under California law, "as a matter of federal law, a

9    six-month unjustified  delay does not satisfy the definition of 'pending'" as used in 28 U.S.C.

10   2244(d)(2).  *Taylor*, 2009 U.S. Dist. LEXIS 20110 at *12-14 n.6.  However, it appears that

11   resolution of this question, too, looks to California law.  *Chavis* made clear that determining

12   whether a state petition is "pending" for purposes of federal statutory tolling, turns on whether

13   that petition was filed within what the California courts would consider a "reasonable time."

14   *Chavis*, 546 U.S. at 192-93.  In light of *Burdan*, we now know that in the parole context, a

15   California appellate court would find that an unjustified ten-month delay in filing a habeas

16   petition in the appellate court after the superior court's denial of a similar petition, is not

17   unreasonable as a matter of California law.  *See Burdan*, 169 Cal.App.4th at 31.  Thus, given

18   this court's task to determine "what the state courts would have held" under similar

19   circumstances, *see Chavis*, 546 U.S. at 201, a California appellate court in *Burdan* appears to

20   answer the question.  The issue here is the reasonableness, under California law, of the five-

21   month gap between the first and second petitions and the eight-month gap between the second

22   and third petitions, both of which are significantly less than the ten-month delay addressed by

23

24          [3] When interpreting state law, federal courts are bound by decisions of the state's highest
     court.  *See*, *e.g.*, *In re Kirkland*, 915 F.2d 1236, 1238-39 (9th Cir. 1990) ("In the absence of such
25   a decision, a federal court must predict how the highest state court would decide the issue using
     intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and
26   restatements as guidance.")

1    *Burdan*.  If a delay of ten-months is reasonable under state law, the five-month and eight-month

2    periods in question here are no less "reasonable."  Thus, under California law the petitioner's

3    second and third petitions were "properly filed" and therefore were "pending" for the purposes

4    of 28 U.S.C. § 2244(d)(2).  *Artuz v. Bennett*, 531 U.S. at 8 ("[A]n application is '*properly* filed'

5    when its delivery and acceptance are in compliance with the applicable laws and rules governing

6    filings.")  Accordingly, petitioner is entitled to statutory tolling from the date that his first state

7    petition was filed on September 30, 2004, until the date that his third state petition was denied on

8    August 8, 2007, for a total of 1,042 days.  The expiration of the statute of limitations was

9    therefore extended until May 27, 2008, and the instant petition – filed October 8, 2007, *see* n.1

10    *supra* – is timely.

11    **IV.   Conclusion**

12         The court finds that the instant petition is timely because petitioner is entitled to statutory

13    tolling for the time that his state habeas petitions were pending.  Therefore, respondents' motion

14    should be denied.

15         Accordingly, it is hereby RECOMMENDED that:

16         1.  Respondents' August 10, 2009 motion to dismiss be denied;

17         2.  Respondents be directed to file and serve an answer, and not a motion, responding to

18    the application within 60 days from the date of this order.  *See* Rule 4, Fed. R. Governing § 2254

19    Cases.  The answer shall be accompanied by any and all transcripts or other documents relevant

20    to the determination of the issues presented in the application.  *See* Rule 5, Fed. R. Governing

21    § 2254 Cases.

22         3.  Petitioner be directed that his reply, if any, shall be filed and served within 30 days of

23    service of an answer.

24         These findings and recommendations are submitted to the United States District Judge

25    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after

26    being served with these findings and recommendations, any party may file written objections

1   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

2   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

3   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

4   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  January 13, 2010.

6

7                         EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE